**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 11, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ELAINE CHILDERS,

     Plaintiff-Appellant,

v.

KANSAS UNIFIED SCHOOL
DISTRICT NO. 457,

     Defendant-Appellee.

No. 05-3380
(D.C. No. 04-CV-1168-JTM)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **BALDOCK**, and **EBEL**, Circuit Judges.

---

Elaine Childers appeals the district court's grant of summary judgment in

favor of the Kansas Unified School District No. 457, on her claim that, after the

school district found out she is an insulin-dependent diabetic, it terminated her

employment as a school bus driver and denied her a transfer to another position,

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

in violation of the Americans with Disabilities Act (ADA).  On appeal, Ms. Miller

contends that

> [w]hen an ADA plaintiff has alleged a defendant terminated her for a
> health-connected reason such as becoming insulin-dependent [then]
> the employer ha[s] a duty to commence the ADA's interactive
> process to assist the employee in seeking ways the impairment can be
> accommodated by reassignment to fill available positions for which
> the plaintiff's skills and work experience show she is qualified.

Aplt. Br. at 1.

Our jurisdiction arises under 28 U.S.C. § 1291.  We review de novo the

district court's grant of summary judgment, applying the same standard as that

court under Fed. R. Civ. P. 56(c).     *Simms v. Okla. ex rel. Dep't of Mental Health*

*& Substance Abuse Servs.*  , 165 F.3d 1321, 1326 (10th Cir. 1999).

Having reviewed the briefs, the record, and the applicable law pursuant to

the above-mentioned standard, we hold that Ms. Childers has not identified any

reversible error in this case.  We therefore AFFIRM the judgment of the district

court for substantially the same reasons stated in its order dated June 30, 2005,

Aplt. App. at 91.

Entered for the Court

Bobby R. Baldock
Circuit Judge

-2-